960 F.2d 147
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Kevin Lealand MCCLURE, a/k/a Dave, Defendant-Appellant.
 No. 91-5614.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 6, 1992
Decided: April 16, 1992
 
 G. Ernest Skaggs, Fayetteville, West Virginia, for Appellant. Michael W. Carey, United States Attorney, John C. Parr, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Kevin Lealand McClure pled guilty to conspiring to distribute crack cocaine (21 U.S.C. § 846 (1988)). He appeals the sentence imposed and we affirm.
 
 
 2
 After his guilty plea, McClure was released on bond. He failed to appear for sentencing or to testify before a grand jury as agreed and, as a consequence, at his sentencing after his apprehension the district court added two offense levels to the base offense level for obstruction of justice. The court decided not to reduce the offense level for acceptance of responsibility, finding that McClure's conduct was inconsistent with acceptance of responsibility.
 
 
 3
 Counsel for McClure has filed an appellate brief contesting the addition of two offense levels for obstruction of justice, but represents in his motion to withdraw that there are, in his opinion, no arguable issues of merit. We have therefore treated this appeal as filed under Anders v. California, 386 U.S. 738 (1967). McClure has been notified of his right to file a supplemental brief and has done so; he also challenges the obstruction of justice adjustment and claims that the district court erred in failing to award him a reduction for acceptance of responsibility, given that he pled guilty and apologized for his conduct at the sentencing hearing.
 
 
 4
 Flight before trial or sentencing is conduct to which the obstruction of justice guideline applies. See United States Sentencing Commission, Guidelines Manual, § 3C1.1, comment. (n.3(e)) (Nov. 1990). We find no error in the district court's decision to make the adjustment here. The district court's factual finding on whether a defendant has accepted responsibility for his criminal conduct is reviewed for clear error. United States v. White, 875 F.2d 427, 431 (4th Cir. 1989). A guilty plea does not automatically entitle a defendant to the reduction. Id. We do not find the district court's decision not to give the reduction in this case to be clearly erroneous.
 
 
 5
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other non-frivolous issues for appeal. We accordingly affirm the judgment of the district court.
 
 
 6
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. Counsel's motion to withdraw is therefore denied. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED